JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 10 1989

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 818

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE RJR NABISCO, INC., SECURITIES LITIGATION

TRANSFER ORDER*

This litigation consists of nine actions pending in three federal districts as follows: seven actions in the Southern District of New York and one action each in the Southern District of Indiana and the Middle District of North Carolina. Defendants RJR Nabisco, Inc. (RJR), certain RJR officers and directors, and affiliated entities move the Panel for an order under 28 U.S.C. §1407 directing transfer of the two actions outside the Southern District of New York to that district for coordinated or consolidated pretrial proceedings with the actions pending there. Plaintiffs in one New York action and in the North Carolina action oppose transfer. A bank that is a codefendant in the Indiana action opposes transfer of the claims against it. Plaintiffs in the Indiana action and in four New York actions state that they do not oppose transfer.

On the basis of the papers filed,[1/] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions arise from the recently completed RJR leveraged buy-out and are brought by either purchasers of RJR debt securities or sellers of RJR stock who claim to have been defrauded as a result of defendants' alleged failure to disclose certain facts and events prior to the October 20, 1988, announcement by a group of RJR senior managers that they were contemplating a proposal to acquire the company. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery and prevent inconsistent pretrial rulings. Certain parties have requested the Panel to defer transfer pending resolution of potentially dispositive remand or dismissal motions filed before transferor courts. We conclude that deferral is unnecessary, because any such motions can be presented to and decided by the transferee judge. See In re Plumbing Fixtures Litigation, 298 F.Supp. 484, 495-96 (J.P.M.L. 1968).

---

* Judge Milton Pollack recused himself and took no part in the decision of this matter.

[1/] The parties to these actions waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

-2-

In finding that the Southern District of New York is the most appropriate transferee forum for the litigation, we note that 1) pretrial proceedings are furthest advanced in that district; 2) a document depository has been established there; and 3) seven of the nine actions are already pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Michael B. Mukasey for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*
Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-818 -- In re RJR Nabisco, Inc., Securities Litigation

### Middle District of North Carolina

George P. Cook, et al. v. F. Ross Johnson, et al., C.A. No. C-89-400-WS

### Southern District of Indiana

Richard R. Wiebke, et al. v. RJR Nabisco, Inc., et al., C.A. No. IP89-632C

### Southern District of New York

Mary F. Brown, et al. v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-7905(JMW)
Martin Foster, etc. v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-9033(JMW)
Valerie Friedman v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-8739(JMW)
Norman Gekoski, et al. v. F. Ross Johnson, et al., C.A. No. 88-Civ-8636(JMW)
Barbara Handel v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-9252(JMW)
Hartford Accident and Indemnity Co., et al. v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-8148(JMW)
Metropolitan Life Insurance Co., et al. v. RJR Nabisco, Inc., et al., C.A. No. 88-Civ-8266(JMW)